FRANK R. SILVIA *vs.* SAGAMORE MANUFACTURING COMPANY.

Bristol.    November 22, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

It is not negligence on the part of one operating a cotton mill, to fail to warn a boy of ordinary intelligence more than fourteen years of age, who for two months has assisted in placing tubes on the spindles of twenty-eight mules three times a day, that certain gearing in plain sight near the mules, which was stopped when he put in the tubes, was dangerous when in motion, and that if he put his fingers in this gearing they would be crushed.

TORT, at common law, to recover for personal injuries received by the plaintiff while employed as a tube boy or tuber in the mule room of the cotton mill of the defendant. Writ dated November 23, 1896.

At the trial in the Superior Court, before *Dewey*, J., it appeared that the plaintiff was employed by the defendant as a tube boy or tuber. The tubes are small paper tubes, about an inch in height and a quarter of an inch in diameter, that fit closely about the spindles. Boys called "doffers" remove the full bobbins from the spindles. Other boys called "tubers," who have been waiting until the bobbins are removed, then place the tubes on the spindles, taking them from a tube box or can which they wear strapped around the waist, after which the mule is started again by the spinner. The doffers and tubers go from mule to mule in the room as the mules require doffing. There were twenty-eight mules in the room where the accident occurred, arranged face to face in fourteen pairs, each mule extending across the width of the room.

The plaintiff was injured November 11, 1896, by having his hand caught between the quadrant gear and the pinion gear of one of the mules.

Continually, in the process of manufacture, the threads, of which there are about nine hundred and sixty to each mule, corresponding to the number of spindles and of bobbins, are breaking, and it is the duty of the operative to tie the ends together or "piece them up."

The plaintiff testified, that beside tubing he had to sweep out and pick up the tubes from the floor and to piece up; that he was told by the second hand to piece up; that when he or the other boys did not piece up the second hand would kick and slap them; that just before the accident he saw a thread broken down and went to piece it up; that at the time he had his tube can, crescent-shaped, six or seven inches wide and fourteen inches long, filled with tubes, fastened around his waist by a strap, and he had it on to tube the other mule as soon as it was ready for tubing; that he pieced up, and then "I come to turn round to put the tubes in the other mule and the gear caught my hand. I come and pieced up this way (illustrating) near the mule head where I found the gear was, and I turned to go and put in the tubes and caught my hand in the gear." He further testified, that he did not know that there was a gear there, and had never been told of it, and did not know there was any danger in the place when he turned round to go to tube.

The other material evidence is described in the opinion of the court.

At the conclusion of the evidence, with the consent of both parties, the judge submitted to the jury this special question : " Did the plaintiff at or before the time of the injury know of the existence and location of these gears ? " to which question the jury returned the answer, " No." Thereupon the judge directed the jury to return a verdict for the defendant.

Judge *Dewey* having died after the trial and before the report was signed, at the request of both parties, *Bond*, J. reported the case for the consideration of this court, upon the terms, that, if the direction of a verdict for the defendant was right, judgment was to be entered on that verdict; if that direction was wrong, and the plaintiff was entitled to go to the jury, the verdict was to be set aside and judgment entered for the plaintiff in the sum of $5,583, as of October 5, 1898.

*J. W. Cummings*, for the plaintiff.

*J. F. Jackson*, for the defendant.

KNOWLTON, J. The plaintiff, a boy of ordinary intelligence, over fourteen years of age, was employed as a tuber in the mule room of the defendant's factory. He was injured by having his fingers caught between the quadrant gear and the pinion gear of one of the mules. The plaintiff contends that the defendant was negligent in not warning him of the danger of getting his fingers caught in the gearing, and that this negligence caused the accident.

The evidence shows that the greater part of this gearing was always in plain sight when the mule moved in and out and when it was at rest, although its position changed with the movement of the mule, leaving the whole exposed some of the time and some of the time only a part. The plaintiff had been working on these mules for two months before the accident. There were twenty-eight mules in the room and he had regularly assisted in tubing each one of them three times a day during the whole two months. The defendant properly might assume that he did not need to be told that if he put his fingers in this gearing, they would be crushed. The mule was always stopped while the tubing was going on, so that apparently there was no danger in putting on the tubes. According to the plaintiff's testimony,

tubers did not attempt to piece the broken threads when they began to work at tubing, but were permitted to assist in that work only when they had learned after a time by seeing others do it. There is nothing to indicate that in the work of tubing, apart from piecing, there was any danger of getting caught in the gearing such as to call for warning from the employer. The plaintiff testified that at the time of the accident he had learned how to piece. There is no evidence to warrant a finding that an employer would believe, or have reason to believe that such a boy would remain ignorant of the existence of the gears and of the danger from them, after working a considerable time on the mules as a tuber, so that he would need to be warned of them when beginning to assist in piecing the broken threads. It is hardly possible that the accident was caused by the plaintiff's ignorance of the existence of the gears and of the danger to one who should get his fingers caught in them. If it is conceivable that he could have worked there two months, passing his hands over twenty-eight mules in close proximity to the gearing three times a day without knowing of these gears, it is only upon the theory that he was grossly careless. There was no evidence to warrant a finding that the accident was caused by the failure of the defendant to perform a legal duty. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 160. *Cheney* v. *Middlesex Co.* 161 Mass. 296. *Stuart* v. *West End Street Railway,* 163 Mass. 391. *O'Connor* v. *Whittall,* 169 Mass. 563. The only theory supported by the evidence is that it was caused by the plaintiff's negligence, or by an obvious risk of the business, which he assumed when he entered the defendant's service.

*Judgment on the verdict.*