CLARA CHISHOLM *vs.* DANIEL A. DONOVAN & another.

Essex.   May 17, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence,* Employer's liability.

A lining maker in a shoe factory, who has been employed in the same room for several months in the previous year, assumes the risk of injuries from falling over the steel cover of a power shaft crossing the floor of a passageway connecting two alleys between the machines in the room, and there is no duty on the part of her employer to inform her of the obvious existence of the shaft.

TORT, by a lining maker in a shoe factory at Lynn against her employer, for injuries sustained a little after half past five o'clock in the afternoon of December 3, 1901, by falling over the steel cover of a power shaft crossing the floor of a passageway in the room where she was employed. Writ dated January 6, 1902.

In the Superior Court the case was tried before *Hardy,* J. who refused to order a verdict for the defendants, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $360; and the defendants alleged exceptions.

*F. B. Kendall,* for the defendants.

*J. H. Sisk, W. E. Sisk & R. L. Sisk,* for the plaintiff.

KNOWLTON, C. J. The plaintiff was employed in the defendants' stitching room at stitching the linings of shoes. In this room were two rows of sewing machines, running lengthwise with the room, and each machine was operated by a shaft furnishing power, running under the machines, five inches from the floor, through the whole length of the row. In the second row were three openings used as passageways from one alley to the other. Over the shaft where it crossed these openings, were semi-cylindrical steel covers of a dark color, which protected the shaft, and prevented one, in passing over it, from coming in contact with it. The plaintiff tended one of the machines in this row, and had been at work according to some of the witnesses a few days, and according to others three or four weeks, immediately before the accident. She had also worked in the

same capacity in the same room for several months, more than a year before the accident, but not on the second row of machines. The machines in this row were put in during the interval while she was not employed by the defendants. She had been a lining maker, working in a similar way, for fifteen years. She started from the machine where she was working, and, in passing through the opening in that row, she struck her foot against the cover of the shaft, and fell forward to the floor and was injured. The suit is brought to recover for this injury.

When she entered the defendants' service, not long before the accident, she impliedly agreed to assume all the open and obvious risks of the business. It is not contended that the defendants owed her a duty to remove or change the line of shafting which furnished power for the machines on which she was to work.

It is contended by the plaintiff that it was the duty of the defendants to inform her of this shaft, or to furnish additional light, and it is not suggested that they were negligent in regard to the peformance of any other duty. The existence of this shaft was open and obvious to every one who attempted to operate a machine. The plaintiff had been working many months the previous year at a machine in the next row, for which power was furnished by a similar shaft. She had worked as a lining maker fifteen years. Plainly the defendants were not called upon to give her any information or warning as to the existence of this shaft.

The contention as to lighting the room relates to the same subject. Upon the undisputed evidence, there was a large window about ten feet from the opening where the accident happened, and it was light enough to do stitching at the time of the accident. There was testimony that the work of stitching required a great deal of light, and the rows of machines were near the windows. Moreover, there was a gaslight above each machine, which the operator was at liberty to light at any time when the light from the windows was insufficient. There was testimony from some of the witnesses that the light above one of the machines, next the opening where she was hurt, was lighted at the time of the accident. It is difficult to see how anything more could have been done than was done for the

safety of the plaintiff.   If she had been reasonably careful, she hardly could have been injured by this covered line of shafting, five inches above the floor, across which there was a passageway from one alley to the other.   The principles which govern the case have been enunciated in many decisions.   *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.   *Lemoine* v. *Aldrich*, 177 Mass. 89.   *Hoard* v. *Blackstone Manuf. Co.* 177 Mass. 69.   *Thompson* v. *Norman Paper Co.* 169 Mass. 416.   *Gleason* v. *Smith*, 172 Mass. 50.   *Murch* v. *Wilson's Sons & Co.* 168 Mass. 408, and cases there cited.   There was no evidence of negligence on the part of the defendants.

*Exceptions sustained.*