## ARTHUR L. LYNCH *vs.* LYNN BOX COMPANY.

Essex.    November 9, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

If a boy nineteen years of age employed in a box factory is set to work at cutting pieces of wood for boxes upon a machine, in the use of which he is inexperienced, containing a circular saw revolving toward him against which he is to push a movable table holding the piece of wood to be cut, while attached to an adjoining stationary table about two inches back of the revolving saw is a flat piece of metal a little thinner than the saw called a spreader, intended to enter the slit in the wood as the saw cuts it and prevent the wood from closing on the saw, and if the screws attaching the spreader to the stationary table are loose, causing the spreader to go one way or the other, and this defect has existed long enough to have been known to the superintendent of the factory, but the danger from it is not known to the boy or appreciated by him and he has not been instructed in regard to it, and the boy is pushing a piece of wood on the movable table against the saw when owing to the looseness of the screws the spreader fails to enter the slit in the piece of wood but strikes the wood a little to one side of the cut causing the piece of wood to be stopped with a violent jerk and the boy's hand to be thrown forward upon the saw and he is injured, in an action by the boy against his employer for the injuries thus caused, these facts are evidence to go to the jury of the exercise by the plaintiff at the time of the accident of such care as reasonably could be expected of him, and of a failure on the part of the defendant, or of those for whose acts it was responsible, to use due care to keep the machine in a safe condition, and also of a breach of duty toward the plaintiff in failing to instruct him as to the effect of a loose or defective spreader.

TORT for personal injuries received on October 3, 1902, while the plaintiff in the employ of the defendant was operating a machine known as a heading machine used in the manufacture of wooden boxes.    Writ dated December 9, 1902.

In the Superior Court the case was tried before Lawton, J. The plaintiff at the time of the accident was about nineteen years of age and previous to his employment by the defendant had worked for the General Electric Company.    When the plaintiff first entered the employ of the defendant he was put to work on a cornering machine, and worked on this machine about a month, then he worked in the shipping room for a month or two, and then was put on a team delivering boxes.    Occasionally he was taken off the team and put to work on the circular saw

and piling lumber.   He was put to work on the heading machine
for the first time about a week or two before the accident, but
did not work steadily on it for more than a day or two at a time.
On the morning he was injured he had been driving a team up
to nine or ten o'clock, when the superintendent put him to work
on the heading machine.   He worked till twelve o'clock, went
to dinner, returned at one o'clock, and had been working on the
heading machine about fifteen minutes when he was injured.
The machine consisted of a movable table, a revolving circular
saw and a stationary table.   About two inches back of the saw
was a device known as a spreader, which consisted of a piece of
tin or zinc a little thinner than the saw projecting about three or
four inches above the table and about five or six inches long.
The spreader was about three thirty-seconds of an inch wide and
the saw a little wider.   The spreader was in the same plane as
that in which the saw revolved, and its purpose was to fill the
slit cut by the saw and prevent the slit from closing, which would
cause the wood to bind on the saw.   The wood to be sawed was
placed on the movable table running on two iron brackets with
rollers and was pushed by the operator against the saw, which
revolved toward the operator.   At the time of the accident the
plaintiff was cutting a board on the machine, and the spreader did
not enter the cut in the board, but struck the board a little to
one side of the cut, which caused the board as it was being forced
against the saw to stop with a violent jerk, and the plaintiff's
hand was thrown forward upon the saw and was injured.

The plaintiff among other things testified that " The spreader
didn't take the cut because it was loose; the screws on the
spreader were loose.   I didn't examine the screws."

Another workman in the factory, who operated a similar
machine, testified that " The spreader was a little bit off;
the screws were loose — the wood was sort of chewed away, the
screws a little loose causing the spreader to go one way or the
other."   He also testified " I ran the machine before the acci-
dent and had observed it acting this way before.   I couldn't say
how long before."

The defendant's superintendent, called by the plaintiff as a
witness, testified that seven or eight days before the accident he
knew that the machine was out of order.   He also testified that

he instructed the plaintiff about this machine, told him the working principles and showed him how it should be worked, but did not tell him what to do in case the board struck the spreader; that it never was reported to him that that happened.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*R. L. Sisk*, for the plaintiff.

*R. Spring*, for the defendant.

HAMMOND, J.   Upon the evidence the jury might have found that the plaintiff was inexperienced with reference to this machine and should have been instructed as to the effect of a loose or defective spreader; and that at the time of the accident he was in the exercise of such care as could reasonably have been expected of him; that the accident was due to the looseness of the screws by which the spreader was bound to the stationary table, and that this defect had existed so long that if reasonable care had been exercised by the defendant, or those for whose care it was responsible, this defect would have been remedied. In other words, the jury might have found that the plaintiff was careful and that the accident was due to the failure on the part of the defendant to use due care for the safe condition of the machines.   The jury might further have found that the danger of the loose spreader was not known to or appreciated by the plaintiff.   Upon such findings a case would have been made out by the plaintiff.   We think that the plaintiff was entitled to have his case submitted to the jury.

*Exceptions sustained.*