ANNIE HARRINGTON *vs.* UNION COTTON MANUFACTURING COMPANY.

Bristol. October 28, 1902. — February 25, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability, duty to warn.

A girl fifteen years of age, by permission of the superintendent of a cotton mill, was for four months under the tuition of her cousin, a weaver in the mill, who taught her how to weave, but did not let her clean a loom, because he could do it quicker himself, and did not explain to her the danger of being caught in the cog wheels, in plain sight at the end of each loom, because he "never thought about it." Later the girl was put to work and ran four looms for two weeks, and then was injured while attempting to clean the end of a loom by using a brush, the bristles being caught in the cog wheels and drawing in one finger, crushing it. The officer of the mill who set the girl to work did not undertake to instruct her, being informed by her cousin that she could run four looms. In an action for the injury, the jury found specially, that the plaintiff did not know that if her hand came in contact with the moving cog wheels she would be injured, and that the exercise of due care did not require her to know this. *Held,* that there was no evidence to warrant a finding that the mill owner, or the officer who set the plaintiff to work, believed or had reason to believe that she was in ignorance of the cog wheels and of the danger to one who should get her finger caught, or that she needed to be warned against such danger.

TORT, under the employers' liability act, for personal injuries while in the employ of the defendant. Writ dated October 19, 1898.

In the Superior Court *Braley*, J. refused to order a verdict for the defendant, and submitted the case to the jury with the two following questions: 1. Did the plaintiff know that if her hand came in contact with the moving cog wheels in cleaning the machine she would be injured? To which the jury answered "No." 2. Ought the plaintiff, in the exercise of due care, to have known that if in cleaning the machine she came in contact with the moving cog wheels, she would be injured? To which the jury answered "No."

The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

The case was submitted on briefs at the sitting of the court in October, 1902, and afterwards was submitted on briefs to all the justices except *Morton*, J.

*R. P. Borden*, for the defendant.

*M. G. B. Swift & G. Grime*, for the plaintiff.

LATHROP, J. At the time the plaintiff was injured, she was, as she testified, fourteen years and eleven months old. Until two weeks before the accident she had not been in the employ of the defendant, but was in its mill for four months before that, at the request of her father, and with the permission of the superintendent of the mill, under the tuition of her cousin, learning to be a weaver. This cousin was employed in the mill as a weaver. He taught her how to weave, but did not let her clean a loom, because, as he testified, he could do it quicker himself; nor did he explain to her the danger of being caught in the cog wheels, but he told her to watch how he cleaned it. At the end of each loom were certain cog wheels, called gears, which were in plain sight. Four weeks before the accident, the cousin told the second hand that the plaintiff could run four looms, but she was not put to work until two weeks later. She ran four looms for two weeks, and then was injured while attempting to clean the end of a loom by using a brush, the bristles being caught in the cog wheels and drawing one finger in and crushing it. According to the testimony of one of the witnesses for the plaintiff, an expert weaver, there were three ways of cleaning a loom, but he considered the brush such as the plaintiff used the best; that it had bristles on one end, the brush part being perhaps seven inches long, with a handle

perhaps ten or twelve inches long, in order to keep the hand of the operative far enough away from the danger. He also testified: " You can't brush one of these gears without the bristles coming into the bite, when the loom is running ; that the bristles would be drawn in, but for the operative who understands his business, there is practically no danger ; that the brush will go through, and the brush will get broke, but the operative will not get hurt." The plaintiff testified that the Friday before the accident, and the day before, she had brushed the looms.

The bill of exceptions states that there was no evidence of any defect in the machinery, and there was no contention that the plaintiff was a child of less than the ordinary intelligence.

The principal question in the case is whether there was any evidence of a neglect of duty, on the part of the defendant or any of its officers, which the defendant owed to the plaintiff. It is contended that the plaintiff should have been instructed as to the danger of her hand being caught in the gears. It seems to us that the answer to this contention is that the plaintiff did not come to the defendant as an inexperienced person, but as one who, after four months' tuition under her chosen instructor, had acquired the art of weaving, and was capable of running four looms. The defendant's officer who set her to work did not undertake to instruct her, but relied and had a right to rely upon what was told him. Her cousin did not tell her of the danger, because, as he testified, he " never thought about it." He further testified that he did not suppose the second hand or overseer would tell her to look out for the danger. The expert weaver called by the plaintiff testified that he had been overseer of the weave room for a good many years, and had had learners in his mill ; that he should not consider it necessary as an overseer to inquire whether or not learners appreciated the danger of being caught in the gears, but should be careful to ask the person who taught them if they were ready to work, and that would be all.

There is no evidence in this case to warrant a finding that the defendant or the officer who set the plaintiff at work believed or had reason to believe that the plaintiff was in ignorance of the gears, and of the danger to one who should get her finger caught, or that she needed to be warned against such danger.

It is unnecessary to consider whether the case falls within the principles stated in *Gaudet* v. *Stansfield, ante*, 451.

The jury should have been directed to return a verdict for the defendant.

*Exceptions sustained.*