CARL HAGGBLOM *vs.* WINSLOW BROTHERS AND SMITH COMPANY.

Norfolk.   January 17, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

In an action by a boy, thirteen years of age when injured, against the proprietor of a glue factory for personal injuries incurred in the employ of the defendant, there was evidence that the plaintiff was employed to carry cakes of glue from one table to another in a room of the factory, that he had been working in this room about three weeks and had had no previous experience of the kind, that the cakes of glue came out upon the table, from which the plaintiff had to take them, after the glue had been pushed through some knives by a piston rod, thus being cut into cakes, that in front of the table were two platforms or footboards about two and a half feet wide, each between three and four feet long and laid

upon the floor end to end without being fastened together, that these platforms were taken up nearly every night to be washed and were put down on the floor again the next morning, but not always with the same side toward the machine, and sometimes their positions were reversed, that the platforms were made of long cleats which were nailed about one inch apart, that at the time of the accident the floor was gluey and slippery and there was glue on the platform, that there was a hole or broken cleat in the platform, that the plaintiff never had examined the platform and did not know of the hole, that the platform was dark, the light being cut off by the machine, the table and other things, that the plaintiff was going to the table to get some glue and was hurrying, that the last step he took his foot got caught, that he slipped in the hole and pitched forward, and in trying to save himself from falling his hand got caught in the machinery, causing the injuries. *Held,* that there was evidence on which the jury might find that the danger was not so obvious that a boy of the plaintiff's youth and inexperience assumed the risk of injury from its existence; *also,* that there was evidence on which the jury could find that it was the duty of the defendant to warn the plaintiff of the risk and of the need of guarding against it; and *also,* that on the evidence the jury might find that the plaintiff was exercising as much care as reasonably could be expected from one of his years.

Tort, brought by the plaintiff through his next friend, for personal injuries sustained by the plaintiff by reason of his hand getting caught in the machinery of a glue machine while in the employ of the defendant, with two counts, the first at common law, alleging a failure of the defendant to furnish safe appliances, machines and instrumentalities and a safe and proper place in which to work, and the second under the employers' liability act.   Writ dated August 28, 1905.

In the Superior Court the case was tried before *Hardy,* J. The plaintiff introduced evidence tending to show that the defendant operated a glue factory, in a room of which the plaintiff was employed in carrying cakes of glue from one table to another; that there was a passageway in the room about three feet wide; that on one side of this passageway was a glue machine in which a piston rod pushed the glue through some knives which cut the glue, and the glue, having been cut into cakes, came out on a table, from which the plaintiff was taking the glue at the time he was hurt; that on the other side of the passageway was a machine and a table; that in front of the table from which the plaintiff took the glue there were two platforms or footboards, each between three and four feet long and about two and one half feet wide, which were laid upon the floor end to end without being fastened together; that the cleats of which the platforms were made were three inches in width

and two inches thick; that the platforms were taken up nearly every night and washed and put down on the floor the next morning, but not always with the same side toward the machine, and sometimes their positions were reversed.

The plaintiff testified that at the time of the accident he was thirteen years of age ; that he came to this country on April 17, 1903, and went to work for the defendant about three weeks before the accident, which occurred on July 27, 1905; that when he went to work no instructions were given to him except that he was told " to get to work and spread glue with another boy " ; that his duty required him to go to the table and take the cakes of glue off the table ; that the glue came out on the table after having been pushed through some knives by a piston rod ; that the table was about four feet high ; that in front of the table on the floor were two footboards or platforms, each between three and four feet in length and about two and one half feet wide ; that if the glue was on one side of the table he did not have to step on the footboard to take it off, but that if it was just coming out of the machine he would step on the footboard ; but in order to get in front of the table and lift the glue off the table, he had to step on the footboard ; that the footboard was right up alongside the glue table ; that it was made of long cleats nailed about one inch apart ; that he never examined the footboard ; that the floor was gluey and slippery, and that there was glue upon the platform ; that the footboard between the two tables covered about two thirds of the space; that at the time of the accident he went to the table to get some glue and was hurrying, and the last step he took his foot got caught, he slipped in the hole and he pitched forward and tried to catch himself from falling, and in saving himself got his hand caught in the machinery; that when he was falling his hand went in where they put the glue in ; that he never saw any hole or broken cleat on that footboard before, and did not know that there was any ; that in walking on the platform before he was hurt his foot had never gone through or got caught before this time; that the floor where the footboard was was dark ; that the machine, table and things around there shut off the light.

Other witnesses testified for the plaintiff.   At the close of the

evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. McConnell*, (*J. W. McConnell* with him,) for the plaintiff.

*C. Reno*, (*J. E. Cotter* with him,) for the defendant.

SHELDON, J. In our opinion this case should have been submitted to the jury.

The platform over which the plaintiff was called to go to and fro in doing his work was not only slippery from glue which apparently had been spilled upon it, but the risk of tripping and falling thereon was increased by the fact that there was a hole in the platform where there was a broken cleat or a piece was broken out. This platform was in separate pieces, each composed of long cleats nailed about an inch apart from each other. These pieces were taken up every night, and put down sometimes in interchanged order and reversed positions, as might happen; so that this hole, on different days, was in different places upon the floor of the room. There also was evidence that this floor and the platform upon it were somewhat dark, so that the hole was not readily to be seen; and the plaintiff testified that he never had seen it and did not know of its existence, and that at the time he was hurt he could not have seen it because it was dark on the platform. He was a boy thirteen years old, had been working in this room about three weeks, and had had no previous experience of the kind.

Under these circumstances, we cannot say that this hole, in a slippery platform, which the jury might have found to be hidden from view by the prevailing darkness, in view of the manifest danger of tripping in passing hurriedly over it and the dangerous character of the machinery on the tables between which it lay, was so obvious that a young and inexperienced boy must be taken to have assumed the risk of injury from its existence, or that the master ought not to have seen that he ought to be warned of that risk and of the need of guarding against it. And under the circumstances the jury might have found that the plaintiff was exercising as much care as could reasonably be expected from one of his years. *Hodde* v. *Attleborough Manuf. Co.* 193 Mass. 237. *Lynch* v. *Lynn Box Co.* 194 Mass. 307.

The plaintiff did not push his hand, or voluntarily place it where it would be drawn between crushing teeth or cutting

knives, as in *Harrington* v. *Union Cotton Manuf. Co.* 182 Mass. 566, and *Silvia* v. *Sagamore Manuf. Co.* 177 Mass. 476 ; his injury was not due to an obvious condition of things existing at the time of hiring, which the defendant was under no duty to change for his protection, as in *McCafferty* v. *Lewando's Dyeing Co.* 194 Mass. 412, 414, and *McLeod* v. *New York, New Haven, & Hartford Railroad,* 191 Mass. 389 ; nor can it be said that the condition of this platform, with the hole varying in position and the sight of it obscured by darkness, was so obvious or well known to the plaintiff that there was no duty to warn him, as in *Chisholm* v. *Donovan,* 188 Mass. 378, and *Stuart* v. *West End Street Railway,* 163 Mass. 391, 393.

*Exceptions sustained.*