EDWARD L'HOTE *vs.* S. B. DIBBLE LUMBER COMPANY.

Berkshire.     September 14, 1909. — October 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Employer's liability.   *Practice, Civil*, Conduct of trial, Requests and rulings.  *Evidence*, Relevancy and materiality, Opinion: experts.

At the trial of an action by a boy seventeen years of age against his employer, the proprietor of a general wood-working establishment, to recover for the loss of the fingers of one hand which were cut off while he was operating a rip saw as a cut-off saw to cut pieces of wood across the grain, there was evidence tending to show that such use of a rip saw was attended by dangers, not apparent, due to the consequent jumping of the wood being sawed, or the throwing of it away by the saw, that it was reasonably necessary, in order to insure safety in such use of a rip saw, to use a gauge, that the plaintiff, who previously had had no experience in the use of circular saws, had been set at work with the saw by the defendant's foreman only four hours before the accident, that neither had the plaintiff been warned or instructed of the danger attending the use of the saw, nor had a gauge been furnished for his use although there were gauges near at hand which might have been used.  *Held*, that there was evidence which would warrant findings, that the plaintiff had not been properly instructed and warned regarding the dangers incident to his work, and that suitable appliances had not been furnished for his work, and therefore that the plaintiff's injury was caused by negligence for which the defendant was liable.

An employer is not relieved from liability at common law for injuries resulting to an employee because he is set at a work which is attended by dangers, not apparent, without adequate instruction or warning, by reason of the fact that the employer delegated to a superintendent the duty of instructing and warning the employee and it was due to the negligence of the superintendent that the duty was not performed.

An employer is not relieved from liability at common law for injuries resulting to an employee because he is set at work on a machine which lacked appliances to insure his safety, by the fact that the employer furnished such appliances to be used on the machine and entrusted the duty of putting them on the machine to a superintendent, to whose negligence was due the fact that they were not used.

A judge presiding at a trial cannot be called upon to give to the jury instructions upon the effect of a possible finding of a particular evidential fact in the case.

At the trial of an action by an employee in a general wood-working establishment against his employer to recover for the loss of the fingers of one hand alleged to have been due to his being set at work upon a rip saw at sawing pieces of wood across the grain, there was evidence tending to show that, to insure his safety, a gauge should have been furnished to use on the saw, but that none was furnished.  Evidence was admitted, subject to the defendant's exception, tending to show that there were gauges found the next morning near the saw covered

with laths. *Held,* that the evidence was competent as tending to show that one of the gauges was intended for use on the saw and should have been attached.

At the trial of an action by a boy seventeen years of age against his employer, the proprietor of a general wood-working establishment, to recover for the loss of the fingers of one hand, which were cut off while he was operating a rip saw as a cut-off saw to saw pieces of wood across the grain, in which the plaintiff contends both that, being inexperienced, he was not properly instructed or warned as to the hidden dangers of his employment, and that he was not furnished with appliances proper to insure his safety, it is proper to ask a witness, qualified as an expert on the subject, to state the dangers, not apparent to an inexperienced workman, attending the use of rip saws and cut-off saws in general, and what appliances are " reasonably necessary " to insure safety in the use of a rip saw as the plaintiff was directed to use it.

Tort for injuries received by the plaintiff, while employed by the defendant in its general wood-working establishment, by having his fingers and a part of his hand cut off by a buzz saw. Writ in the Superior Court dated August 19, 1907.

The declaration contained four counts, the first charging negligence at common law in the failure of the defendant to give to the plaintiff sufficient instruction and warning with regard to the dangers attending the use of the saw; the second under R. L. c. 106, § 71, cl. 1, alleging a defect in the ways, works or machinery of the defendant; the third under R. L. c. 106, § 71, cl. 2, alleging negligence of a superintendent, and the fourth alleging negligence at common law in a failure of the defendant to provide for the plaintiff's use suitable machinery and appliances.

The case was tried before *Aiken,* C. J.

George W. Faulkner, qualified as an expert by the plaintiff, testified as to the difference between a rip saw and a cut-off saw.

Subject to exception by the defendant, he was asked, " If this saw is to be used as a cut-off saw will you explain to the jury how it was used ? " and answered, " The stock is put against the gauge at whatever angle it may be desired and then brought up to contact with the saw and thereby cut off." In answer to subsequent questions as to how the saw should be used if a rip saw were placed on it to be used for ripping purposes, he stated, " What is termed as a ripping gauge is placed upon the saw table and the stock is passed through it whatever — the gauge set to whatever width of a strip you wish to saw and passed through lengthwise of the board."

Subject to exception by the defendant, he then was asked "In the use of a circular cut-off saw are there any dangers which are not apparent and on the face of the saw itself?" and answered "Yes," and, in answer to subsequent questions, not objected to, explained as the dangers: "the nature of the wood, is liable to pinch while passing through the saw. What is one of them, it is a danger not apparent to one not accustomed to the saw. The saw may be stopped from running by the crowding of the stock into it, providing there is sufficient strength and it becomes wedged in, the material that is being cut. The saw may have power enough to throw the stick away from it in the effort to free itself and proceed in its proper manner." In answer to other questions, not objected to, he stated as dangers, which were not apparent, attending the use of a rip saw for cut off purposes, "because the make-up of a rip saw which is not intended to cut off fibers of wood the saw would naturally and immediately begin to crowd onto the stock and not cutting its path it would be bound to bind and free itself, if possible by either jumping or throwing the piece away from the saw or perhaps breaking the piece of wood that is being sawed."

Being referred to a model before him, he then was asked, subject to the defendant's exception, "If this is a correct model of that saw, as we believe it is, and this is a rip saw, represents a rip saw with a plain table with nothing on it at all, and listings were to be sawed off into lengths on that saw, what would be reasonably necessary to insure safety in its use?" and answered, "A gauge."

Other facts are stated in the opinion.

At the close of the evidence, the defendant requested the Chief Justice to order a verdict for the defendant upon each of the four counts of the declaration, and to make the following, among other, rulings:

"9. The fact that an employee may be given both straight and cross grained wood to feed to a circular saw does not constitute a hidden danger of which the employee should be specifically warned.

"10. Where an employee is set to work to cut up 'listings' (small fragments of wood of varying lengths, but not over an

inch or an inch and one half in thickness or breadth) no duty is imposed upon his employer to warn him that he may have to saw both straight and cross grained stock.

"11. The fact that a saw may not run as smoothly through cross grained stock as through straight grained is not a condition in regard to which an operative on a circular saw required specific instructions.

"12. The fact that a saw may not run as smoothly through cross grained stock as through straight grained is not a condition in regard to which an operative on a circular saw required specific instructions, provided that the stock which is to be sawed is so light as to be classed as 'listings.'

"13. Where an operative is set to work upon a circular saw, which is in perfect condition to cut 'listings' (small fragments of wood of varying lengths, but not over an inch or an inch and one-half in thickness or breadth) and is given general instructions as to how to run a saw, and is given stock to work on which is perfectly ordinary in every way, except in so far as it may be deemed extraordinary to have some of the ' listings ' cross grained, and some straight grained, such an operative assumes the risk of an injury which he may incur while the saw and the stock remain in the condition above described."

The rulings were refused. There is no statement in the bill of exceptions with regard to the charge to the jury.

The jury found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. F. Noxon & M. L. Eisner*, for the defendant.

*C. E. Hibbard & C. L. Hibbard*, for the plaintiff.

KNOWLTON, C. J. Upon the question of liability the defendant contends, first, that there was no evidence to warrant a finding that the defendant negligently failed to give the plaintiff proper instruction. The plaintiff, a boy about seventeen years of age, without experience in the use of circular saws, was set at work upon such a saw, and when he had been working about four hours, his hand was thrown upon the saw and he was very severely injured. There was evidence that he was given but little instruction in regard to the mode of doing the work, and was not warned of dangers of which his employer must have

known. The saw was what is called a rip saw, and it was being used at this time as a cut-off saw to cut pieces of wood across the grain. The cross-examination of Fuller, the foreman who set the plaintiff at work and who was called as a witness by the defendant, as well as the testimony of other witnesses, warranted a finding that there were serious dangers in doing the work, of which the plaintiff should have been warned. The case is very similar in many of its features to *Wheeler* v. *Wason Manuf. Co.* 135 Mass. 294, 296, and is governed by the decisions in that case and in *Jarvis* v. *Coes Wrench Co.* 177 Mass. 170, and *Hanson* v. *Ludlow Manuf. Co.* 162 Mass. 187.

There was also evidence from which the jury might have found for the plaintiff on the fourth count, charging failure to supply the plaintiff with suitable machinery. When the plaintiff was set at work upon the saw there was no gauge upon it, and the jury might have found that a gauge should have been used. There was testimony tending to show that there were gauges near by, designed for use upon it. The defendant was responsible for the condition of the machine when the plaintiff was set at work upon it, even though it was in charge of a foreman who told the boy to go to work. The fact that there were parts of the machine not far off, which might have been attached to it, does not exonerate the defendant from liability. In setting the plaintiff at work and in providing the saw for his use and in giving or failing to give him instructions, the foreman represented the defendant corporation, which could not relieve itself of its duty by delegating it to a servant.

There was no error in refusing the instructions requested by the defendant in regard to sawing straight and cross grained wood. The judge was not called upon to give instructions upon the effect of a possible finding of a particular evidential fact in the case, if he properly charged the jury, as we must assume that he did, upon the general subject of giving instructions as to sawing such pieces as were referred to in the testimony.

The testimony about the finding of the gauges covered with laths, near the saw, early the next morning after the accident, was competent. The jury might have found that the gauges were intended for use upon the saw, and, in connection with other testimony, they might have found that one of them should

have been attached to the table for use with the saw before the plaintiff was set at work upon it.

The testimony of the expert witness, Faulkner, in regard to the use of gauges upon saws, was rightly received.

*Exceptions overruled.*