WALLACE N. RIVERS *vs.* JAMES L. RICHARDS & others.

Middlesex.   December 12, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.  Practice, Civil,* Exceptions. *Evidence,* Opinion: experts, Competency.

In an action by an oiler of machinery against his employer for personal injuries alleged to have been caused by a defect in the machinery, where there is evidence that for a time before the accident the machinery was running somewhat differently from usual, if the plaintiff testifies that at the time of the accident he was doing his work in the way in which he had been directed to do it by the servant of the defendant entrusted with the duty of instructing him, it is a question for the jury whether the plaintiff in continuing to work was in the exercise of due care and also whether he appreciated the danger to which he was exposed and assumed the risk of it.

In an action, by one employed as an oiler of machinery which was used as a part of a complicated device for transferring coal from a coal tower to cars running upon a cable railway, against his employer for personal injuries, if there is evi-

dence that the plaintiff for the purpose of oiling a part of the machinery put his hand into a space extending about four inches above a pan filled with coal, which in the ordinary and normal operation of the machinery should have remained unchanged during the time required for oiling, but that the pan moved up until the space was reduced so much that the plaintiff's hand was crushed, this movement of the pan, if unexplained, is in itself evidence of a want of repair which may be due to the negligence of the person who was in responsible control of the machinery; and, if a portion of the plaintiff's evidence indicates that the act of a fellow servant in letting coal drop into the pan was the cause of the accident but other portions of the plaintiff's evidence tend to show that the unexplained automatic action of the machinery was the cause, it is for the jury to say whether the movement of the machinery was automatic.

At the argument of an exception to the admission of certain testimony given by a witness called as an expert in regard to an alleged defect in complicated machinery the objection is not open that the witness had not sufficient knowledge either of the general subject or of the particular mechanism, if no question in regard to the qualification of the witness as an expert was raised at the trial.

An exception to a competent question put to a witness cannot be sustained on the ground that the answer to it was largely irresponsive and incompetent, if no motion was made to strike out the answer in whole or in part.

In an action by a workman against his employer for personal injuries alleged to have been sustained by reason of a defect in complicated machinery, where an expert called by the plaintiff has testified that the movement of the machine which caused the injury was abnormal and unexpected, such witness should not be allowed to testify further that such movement of the machine might have been avoided by the adoption of a certain device, because the defendant owed the plaintiff no duty to change the character of the machinery that was in use when the plaintiff's employment began, and the admission of such evidence against the defendant's exception is a material error.

Tort, for personal injuries sustained by the plaintiff on January 10, 1910, when he was in the employ of the defendants and was working as an oiler upon the machinery used as part of a complicated device for transferring coal from a coal tower to cars running upon a cable railway. Writ dated April 20, 1910.

In the Superior Court the case was tried before *Lawton,* J., on May 25, 1911. The plaintiff testified that at the time of the trial he was nineteen years old; that at the time of the accident he had been in the employ of the defendants for about a year and a half, successively as a water boy, a guy man and an oiler; and that he had been an oiler for eight months before the accident happened.

At the close of the plaintiff's evidence the defendants rested, and asked the judge to order a verdict for them. The judge, after conferring with the counsel, submitted the case to the jury under the following stipulation of the parties:

"If the jury shall return a verdict for the plaintiff, the court will at once order the verdict for the plaintiff set aside and will direct the jury to return a verdict for the defendants, and will report the case upon this stipulation between the parties; that if the order directing the jury to find for the defendants is right, the verdict for the defendants shall stand; otherwise judgment shall be entered for the plaintiff for the amount found by the jury. But with this exception: that the defendants do not waive any of their exceptions, and if evidence prejudicial to the defendants has been admitted, or evidence beneficial to the defendants has been excluded and exceptions saved, and if the Supreme Judicial Court shall rule that the case was properly submitted to the jury, then there shall be a new trial.

"The defendants further reserve their right to move to have the verdict for the plaintiff set aside on the ground that the damages are excessive."

The jury returned a verdict for the plaintiff in the sum of $9,000. Thereupon, in accordance with the foregoing stipulation, the judge set aside the verdict, ordered a verdict for the defendants, and reported the case for determination by this court. The facts necessary for an understanding of the decision of the questions raised by the report are indicated sufficiently in the opinion.

*W. J. Corcoran,* (*W. Flaherty* with him,) for the plaintiff.

*M. O. Garner,* for the defendants.

RUGG, C. J. 1. The plaintiff testified that he was doing his work at the time of the accident in the way in which he had been directed to do it by the servant of the defendants entrusted with the duty of instructing him. This made the question of his due care one of fact to be passed upon by the jury. That the machinery was running somewhat differently for a time before the injury was not decisive. It was still for the jury to say whether the plaintiff appreciated the resulting danger and assumed the risk to which he was subjected. *O'Toole* v. *Pruyn,* 201 Mass. 126.

2. There was evidence to the effect that the plaintiff put his hand into a space of about four inches above a pan filled with coal, which in the ordinary and normal operation of the machinery should have remained the same during the period of time required by the plaintiff for oiling, but that the pan moved up so that the space was much less and the plaintiff's hand thereby was crushed.

This movement of the mechanism when it should have remained at rest was of itself evidence of a want of repair which might be attributed to some negligence of the person in responsible control. This branch of the case comes within the rule stated with affluent citation of authorities in *Ryan* v. *Fall River Iron Works,* 200 Mass. 188, and in *Chiuccariello* v. *Campbell,* 210 Mass. 532. The charge in this respect was too favorable to the defendants.

This is not an instance of a simple device or a particular portion of a machine which can be easily seen and fully understood by any intelligent person and about which there is no complication, and where the plaintiff points to some special thing as the cause of the injury and does not base his claim chiefly on the automatic starting. This was a complicated mechanism made up of many parts, and the plaintiff did not undertake to particularize, but although introducing some testimony as to possible causes of the starting left his case to rest mainly on the unexpected automatic action at a time when the machine should have remained at rest if it had obeyed the laws of its own being and had operated as it was designed to operate. Cases like *Cook* v. *Newhall, ante,* 392, are distinguishable. A part of the plaintiff's testimony indicates the act of an engineer in letting coal drop into the pan as the cause of his injury. Of course, if this was so, the defendants would not be liable. *Cunningham* v. *Blake & Knowles Steam Pump Works,* 208 Mass. 68. But other portions of his testimony show the automatic movement of the machinery as the cause. It was for the jury to say where the truth was in this conflict or inconsistency of evidence.

3. No question was raised at the trial as to the competency of the witness proffered by the plaintiff as an expert. It must be assumed that the trial judge found him qualified. At all events no objection can be made successfully at this stage on the ground that he had not sufficient knowledge either of the general subject or of the particular mechanism.

4. The question to the expert witness for his opinion as to the cause of the abnormal and unexpected action of the machine was competent. His answer was largely irresponsive and incompetent, but no motion was made to strike out the answer in whole or in part, and hence the exception to the question must be overruled.

5. The same witness was permitted against the defendants'

objection to answer that the abnormal and unexpected action of the machine might have been avoided entirely by putting on a rocking device. This was incompetent and well may have been injurious to the defendants. The defendants owed no duty to the plaintiff to change the construction of the machinery in use at the time the employment began. The defendants' only obligation was to keep in repair the machinery they had, and they were not required to install new or additional safety devices. *Gleason* v. *Smith,* 172 Mass. 50. *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591. *Mutter* v. *Lawrence Manuf. Co.* 195 Mass. 517. *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406, 411.

In accordance with the terms of the report the entry must be

*New trial ordered.*