## GERTRUDE OSWALD vs. DANIEL J. DONOHUE.

Worcester.   September 29, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence*, Employer's liability, In a laundry. *Pleading, Civil*, Answer. *Evidence*, Presumptions and burden of proof.

In an action for personal injuries sustained by the plaintiff in the employ of the defendant, the defense that the plaintiff assumed the risk of the injury is not open to the defendant unless it is set up in the answer, and, when it is so set up, the burden is on the defendant to prove it.

In an action for personal injuries sustained by the plaintiff in the employ of the defendant, where the defendant sets up and relies upon the defense that the plaintiff assumed the risk of the injury, if it appears that the danger came into existence after the contract of employment was made, the question of assumption of risk usually is one of fact for the jury.

In an action against the proprietor of a laundry, for personal injuries sustained by the plaintiff, a girl seventeen years of age, from her hand being caught between the rollers of a steam mangle, where it appears that the plaintiff never before had worked on a mangle and was injured when she had been working on this machine only an hour and a half and that the machine was out of order, it is for the jury to say on the evidence whether the plaintiff fully comprehended the danger to which she was exposed and voluntarily assumed the risk of an injury due to the machine running irregularly.

A girl seventeen years of age, who is set at work upon a steam mangle in a laundry when wholly without experience in working on such a machine, is not negligent as matter of law in continuing to work when she sees that the mangle is running somewhat irregularly, especially when she is working in the presence and under the direction of a person who has been entrusted with the duty of instructing her and is doing her work in the way she has been shown.

DE COURCY, J.   In the course of her employment in the defendant's laundry, and while she was at work on a steam ironing machine known as a mangle, the plaintiff sustained severe injuries by reason of her hand being drawn in between the rolls; and she brought this action to recover damages therefor. The declaration contains counts both at common law and under the employers' liability act, but it is conceded by the plaintiff that the case was submitted to the jury on the common law counts. One of these was for alleged failure properly to instruct and qualify the plaintiff for her duty before putting her at work on a dangerous machine with

which she was not acquainted, the other was for negligent failure to provide the plaintiff with suitable machinery with which she could perform her duty without being exposed to unnecessary dangers, and to maintain the same in suitable condition and repair. There was a verdict for the plaintiff; and the case is here ·on the defendant's exception to the judge's * refusal to rule that on all the evidence the plaintiff could not recover.

1. It is virtually conceded that there was evidence for the jury on the issue of the defendant's negligence. He had just moved into his new location on Harding Street, and there was testimony that the mangle was working irregularly, first running fast and then slow; that the driving belt was moving from one pulley to the other; that there was unusual speed and vibration of the machinery until the pulley on the main shaft was changed after the accident, and that no instructions were given to the plaintiff as to how she was to do her work in safety. This, and other like testimony, if believed, would warrant a finding of negligence.

2. The defense of assumption of risk is not set up in the answer and consequently is not open to the defendant. *Leary* v. *William G. Webber Co.* 210 Mass. 68. Aside from the question of pleading, the defendant has the burden of proving this affirmative defense; and where, as here, the danger comes into existence after the contract of employment, this issue generally is one of fact for the jury. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477. That the plaintiff knew the machine was running fast or irregularly is not decisive, especially in view of the fact that she never before had worked on a mangle, and was injured when she had been working on this machine only an hour and a half. It was for the jury on all the evidence to decide whether the plaintiff fully comprehended the danger to which she was exposed and voluntarily assumed the risk. *Glass* v. *Hazen Confectionery Co.* 211 Mass. 99.

3. It could not be ruled as matter of law that the plaintiff was not in the exercise of due care. She was seventeen years of age, with no experience in working on a steam mangle. Although

* *Lawton,* J.

aware that the machine was running somewhat irregularly, she recognized nothing unusual in that, as she was ignorant of the ordinary and proper operation of such a machine. She was working in the presence and under the direction of Miss Coakley, who had been entrusted with the duty of instructing her, and was doing her work in the way she was shown. Without further reciting the evidence in detail, we think that the question whether her conduct measured up to the standard of a person of ordinary prudence was one of fact for the jury. *Rivers* v. *Richards,* 213 Mass. 515.

*Exceptions overruled.*

The case was submitted on briefs.

*P. J. O'Connell & J. P. Halnon,* for the defendant.

*D. I. Walsh & T. L. Walsh,* for the plaintiff.