JOHN F. MOLONEY *vs.* PEMBERTON COMPANY.

Essex.   November 5, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Employer's liability, In a factory.

In an action for personal injuries sustained when the plaintiff, who was a boy fourteen years old without experience in machinery, was cleaning the end of a spinning machine in the defendant's cotton mill, from the plaintiff's fingers being caught in the gears of the machine that supplied its motive power, there was evidence that the gears were enclosed in a metal case, whose only opening was on its front face and usually was closed completely by a circular iron cover

about fourteen inches in diameter and weighing about ten pounds, that the plaintiff never had seen this cover taken off and did not know of its existence, that he was cleaning the end of the machine in the way in which he had been instructed to do it, when his hand touched the cover, which suddenly came off, causing the accident, that it could have been found that by reason of the construction or operation of the machine the cover was likely to fall off unexpectedly and leave the gears unguarded as it did at the time of the accident, that the defendant by the exercise of reasonable diligence would have discovered the unstable condition of the cover, and that the plaintiff was set at work without any instruction or warning as to this danger. *Held,* that there was evidence for the jury of the defendant's negligence in failing to warn the plaintiff of the danger to which he was exposed. .

TORT, by a minor, by his next friend, for personal injuries sustained on April 9, 1910, when the plaintiff was about fourteen years of age and was employed in the defendant's cotton mill at Lawrence. Writ dated June 21, 1910.

In the Superior Court the case was tried before *Sanderson,* J. The facts which could have been found in favor of the plaintiff upon the evidence are stated in the opinion. At the close of the evidence the judge refused to order a verdict for the defendant and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $800. The defendant alleged exceptions.

The case was argued at the bar in November, 1914, before *Rugg,* C. J., *Hammond, Sheldon, De Courcy, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court except *Pierce,* J.

*J. P. Sweeney,* for the defendant.

*W. C. Ford,* for the plaintiff.

DE COURCY, J. While the plaintiff, a boy of fourteen years, was cleaning the end of a spinning machine in the defendant's mill, his fingers were caught in the gears and he suffered the injury for which this action is brought. His due care is not in controversy.

The contention of the defendant is that the jury were not warranted in finding negligence on its part. The bill of exceptions does not in terms purport to state all the material evidence, but we assume that it is all before us, as the' counsel have argued the case on that basis. Viewed in the aspect most favorable to the plaintiff, as we must consider it after the verdict in his favor, the following could be found to be the facts: The spinning frame

was about twenty feet long, and at the head end were the gears which furnished the motive power for the spindles. These gears were not visible, but were enclosed in a metal case, or box, which rested on the floor and was about four feet high, three and one half feet wide, and eight inches through. The only opening in this gear case was one on its outside or front face, a foot and a half above the floor. It was circular in shape, about fourteen inches in diameter, and was completely closed by an iron cover weighing about ten pounds. As described in the exceptions: "There are two notches cut on either side of the circumference of this opening at the ends of its horizontal diameter; and just back of these notches and forming a part of the inside of the outer face of the head end are two metal grooves or slots, one extending upward in the line of the opening about one and one half inches, the other extending downward the same distance. These grooves have stops or blocks at their far ends. On the back side of the iron cover and almost at either end of its horizontal diameter is a dog or catch, so made as to fit into the notches in the circumference of the opening. On the outside or face of the cover and in the line of its horizontal diameter, are two handles, similar to those placed upon kitchen or pantry drawers. To put the cover in place the two dogs are passed through the two notches and the cover is then given a turn of about one and one half inches, the dogs sliding in grooves until they strike the blocks at their ends. When looking at the outer face of the head end of the machine, the cover appears flush with it, except for the raised ring around the circumference and the two projecting handles."

The plaintiff knew nothing about machinery when he entered the defendant's employ a month earlier. Before his injury he was not aware that there were cogs or wheels in the head of the spinning machine, he never had seen the above described cover taken off, and did not know of its existence. On the morning of the accident he was cleaning the end of the machine in the manner in which he was instructed by the second hand to do it, rubbing over the frame with a brush held in his right hand and then with a rag or some waste held in his left hand. The cover came off on being touched by his left hand; he attempted to grasp it in order to prevent it from falling upon his feet, but missed it; and his

fingers were caught in the gears that the cover had hidden. There was testimony that this cover slipped around easily in the grooves which held the dogs, and that by the vibration of the machine, or by the contact of a person rubbing it, the cover easily could work up to a place where "the least touch would knock it off." The jury took a view of the machine.

If the jury believed this testimony they were warranted in finding a neglect of duty on the part of the defendant in exposing the inexperienced plaintiff to a hidden peril in work that apparently was not dangerous, without giving him instruction or warning that would inform him of the danger and enable him to perform his task in safety. In view especially of the testimony of the second hand, we cannot say as a matter of law that the defendant by the exercise of reasonable diligence would not have discovered that, by reason of the construction or operation of the machine, the cover was likely to fall off unexpectedly and leave the gears unguarded. Admittedly no warning of such a danger had been given to the plaintiff. *Haggblom* v. *Winslow Brothers & Smith Co.* 198 Mass. 114. *Halley* v. *Nashua River Paper Co.* 202 Mass. 164. *L'Hote* v. *S. B. Dibble Lumber Co.* 203 Mass. 294. *Rivers* v. *Richards,* 213 Mass. 515.

In the opinion of a majority of the court the entry must be

*Exceptions overruled.*