FRANCIS X. CAROLAN *vs.* RAILWAY EXPRESS AGENCY,
INCORPORATED.

Suffolk.    February 9, 1950. — March 8, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Negligence*, Employer's liability: appliance, express truck, place of
work. *Employer's Liability. Words*, "Defect."

A turntable attachment of the handle of a truck used by an interstate
express company on a platform between tracks at a railroad station
could not be found to be defective within § 1, First, of the employers'
liability act, G. L. (Ter. Ed.) c. 153, merely because it was not ade-
quately greased or turned with difficulty.

A pitch of a railroad station platform did not entitle an employee of an
interstate express company to recover in an action against his employer
under G. L. (Ter. Ed.) c. 153, § 1, First, although it appeared that,
due in part to the pitch, a truck which he was pulling on the platform
wedged him against the side of a standing car, where there was no
evidence that the platform, so far as it was uneven, was not in the
same condition as it had been in when the employee was hired, or
that such unevenness did not form part of the terms of his employment.

TORT.    Writ in the Superior Court dated November 14,
1945.

The action was tried before *Baker*, J., who ordered a ver-
dict for the defendant and reported the action.

*S. H. Rogers*, (*R. A. Kaye* with him,) for the plaintiff.

*A. M. Pinkham*, for the defendant.

LUMMUS, J.    This is an action of tort for personal in-
juries, brought by an employee twenty years old against his
employer, for injuries received on March 5, 1945, at the
North Station in Boston.    The defendant, as an express
company subject to the interstate commerce act, was ex-
cepted from the workmen's compensation act.    St. 1943,
c. 529, § 3.    *Price* v. *Railway Express Agency, Inc.* 322 Mass.
476.    See now St. 1945, c. 369.    The declaration alleges
that "by reason of some defect in the condition of the ways,

works and machinery" of the defendant the plaintiff was injured "by reason of the fact that a four-wheel truck which he was operating for the benefit of the defendant was defective and otherwise unfit to be used." The declaration appears to be based upon G. L. (Ter. Ed.) c. 153, § 1, First, "A defect in the condition of the ways, works or machinery connected with or used in the business of the employer, which arose from, or had not been discovered or remedied in consequence of, the negligence of the employer or of a person in his service who had been intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition."

The plaintiff operated a motor tractor which towed trucks around the platforms which lay between tracks at the North Station. A truck was eight or ten feet long, and weighed one thousand three hundred fifty pounds when empty. It had no motive power of its own. It had a handle about three feet long which could be attached to a tractor. The handle was fastened to the truck by plates which formed a turntable and governed the lateral motion of the handle.

On the occasion in question some railroad express cars were standing on one of the tracks. The plaintiff disconnected the truck from the tractor, and pulled the truck by hand by means of the handle, trying to get it alongside an express car from which the truck was to be loaded. The turntable of the truck did not move freely, the handle got stuck, and the weight of the handle, the pitch of the platform, and the pulling by the plaintiff on the handle, combined to wedge him against the side of the express car and to cause his injuries.

The word "defect" in the employers' liability act (St. 1887, c. 270, § 1, [1]; G. L. [Ter. Ed.] c. 153, § 1, First) refers merely to a condition with regard to the safety of employees. *Willey* v. *Boston Electric Light Co.* 168 Mass. 40, 42. *Lamberti* v. *Neal*, 253 Mass. 99, 106. There was no evidence that there is anything dangerous about a truck the turntable of which is not adequately greased or turns with difficulty. Moreover, a witness for the plaintiff, fa-

miliar with such trucks, testified that a "turntable that has a drag, there is nothing dangerous to it." There is nothing to show that there was any defect. So far as the platform was uneven, there is no evidence that it was not the same as it was when the plaintiff was hired, nor that it did not form part of the terms of his employment. *Nealand* v. *Lynn & Boston Railroad*, 173 Mass. 42. *Hoard* v. *Blackstone Manuf. Co.* 177 Mass. 69. *Chisholm* v. *Donovan*, 188 Mass. 378. *Shannon* v. *Willard*, 201 Mass. 377, 380. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 188, 189. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364. *Doherty* v. *Paul's for Tires, Inc.* 314 Mass. 83. We see no evidence that the plaintiff's injuries were due to any fault of the defendant, and we think a verdict was properly directed for the defendant.

*Judgment for the defendant.*