*Northern District*

*No.* 5671

**PAUL WARD**

v.

**ARTHUR ALLESSIO, et al**
**(According to Report)**

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Gadsby, J.* in the District Court of Somerville. No. 82,152.

*Brooks, J.* This is an action to recover for personal injuries sustained by plaintiff while alighting from a taxi cab. The answer is general denial and lack of agency. The docket gives name of defendant as Arthur Allessio and makes no reference to any other defendant. The judge's report is entitled Paul Ward v. Arthur Allessio, *et al.* From the report itself it is to be inferred that "al" is the

City Cab. The report recites that "he (plaintiff) called what he stated was the City Cab," and that "he described the cab as being a black cab with City Cab on it and that the driver was an individual whose name was Allesi".

Plaintiff testified that after absorbing a few drinks at the Happy Home Cafe he boarded a cab in Somerville and was driven to Cambridge. On arrival at Cambridge he decided to return to the Happy Home Cafe. The driver took him back to Somerville where he alighted in front of the cafe. While standing on the sidewalk with his hand on the door of the cab the operator started his cab and Plaintiff fell on his face to the street.

Plaintiff rested and so did defendant who filed two requests for rulings set forth in the judge's memorandum.

The judge made the following findings of facts and rulings of law:

"This is an action of tort in which the plaintiff brings suit against the defendant, City Cab, for injuries sustained by the plaintiff as a passenger in the defendant's City Cab as a result of the alleged negligence of its driver.

I find as a fact that the plaintiff was a paid passenger of the defendant, City Cab, and that he alighted from said cab on Somerville Avenue and Lowell Street, a public highway in the city of Somerville; that before he had completely alighted from the cab and was standing outside his said cab holding on to same the plaintiff was thrown

to the street as a result of which the plaintiff received said injuries alleged.

The defendant filed certain Requests for Rulings of law which are as follows:

1. There is sufficient evidence to warrant a finding for the defendants. This request I allow but on consideration of all the evidence I found for the plaintiff.

2. The plaintiff has not sustained the burden of proof in identifying the defendants and, therefore, there should be a finding for the defendants. This request is denied as inapplicable to the facts found since I find that the City Cab was registered in the name of defendant as owner and was operated by the agent of the defendant, City Cab, in the scope of his employment. I find further that the plaintiff was not guilty of contributory negligence. I, therefore, find for the plaintiff against the City Cab and assess damages at $225.-00."

The report was stated to contain all the evidence material to the questions reported.

The judge has made a straight finding of fact that plaintiff was injured by the careless operation of the driver of the City Cab which he refers to as the defendant. He makes no reference to Allessio or Allesi. In denying defendant's second request the judge says "I find the City Cab was registered in the name of the Defendant as owner and was operated by the agent of the Defendant City Cab in the scope of his employment". The situation as to the identity of the defendant is not clarified by the requests for rulings which

in #1 refers to defendant and in #2 to defendants.

Clearly no finding has been made against Allessio or Allesi and the evidence would not warrant any such finding. The issue, therefore, is whether there is evidence to support a finding against City Cab. There is nothing to indicate the nature of "City Cab". It appears not to be a corporation. It might be nothing more than a name on an automobile. In our opinion there is not enough identification of whoever the defendant is to justify a finding for plaintiff. *Ayers v. Ratshesky,* 213 Mass. 518, 593, 594; *Bishop v. Pastorelli,* 240 Mass. 104, 107; *Hinds v. Bowen,* 268 Mass. 55, 59; *Herman v. Fine,* 313 Mass. 492, 494, 495; *Lodge v. Congress Taxi Association, Inc.,* 340 Mass. 570 575. Defendant's second request should have been granted.

Finding for plaintiff to be vacated and judgment to be entered for defendant.

Crane, Inker, Oteri & Marino of Boston, for the Plaintiff.

Joseph T. Travaline of Somerville, for the Defendant.